## DURNFORD v. VICTORY INDUSTRIAL LIFE INS. CO.

### No 14547.

Court of Appeal of Louisiana. Orleans.

Jan. 2, 1934.

H. W. & H. M. Robinson, of New Orleans, for appellant.

Chas. I. Denechaud and Ernest J. Robin, both of New Orleans, for appellee.

WESTERFIELD, Judge.

The plaintiff in this case, Sarah M. Durnford, brought this suit against the Victory Industrial Life Insurance Company, claiming $477.50, $297.50 of which is alleged to have been a loan made to defendant on May 4, 1929, and $180.00 thereof being claimed as past-due salary owing plaintiff for duties performed in the capacity of auditor of the defendant company. The defendant answered admitting the loan of $297.50, but avers that this sum, together with interest, has been returned to plaintiff in the form of salary paid to her for services which she did not render to the defendant.

There was judgment below dismissing plaintiff's demand, and plaintiff has appealed.

The record shows that the defendant is an industrial life insurance company organized under the provisions of Act No. 246 of 1908, section 3 of which requires companies organized on the mutual plan to have an initial fund of $5,000 in cash in the treasury before beginning business and to maintain that sum unimpaired. It is also provided in this section that the fund may be made up by loans to the company, provided the repayment of the loan be conditioned upon the accumulation of a surplus in the treasury beyond the minimum requirement of $5,000, which sum it is intended shall always remain in the treasury.

On November 16, 1927, the plaintiff loaned the defendant corporation $500, subject to the conditions mentioned in the statute referred to, and again, on September 24, 1928, an additional loan was made by plaintiff to the defendant in the sum of $1,000, and on April 28, 1929, a loan of $297.50, making a total of $1,797.50, which had been contributed or loaned to the defendant by the plaintiff. With the exception of the initial $500, the defendants have proven that they have repaid Sarah Durnford $1,464.00, which amount, they claim, represents the loans of $1,000 and $297.50, plus interest at the rate of 8 per cent. Plaintiff makes no claim based upon the initial loan of $500, or the subsequent loan of $1,000, but asks for the return of the last loan of $297.50, plus a certain salary due her as an auditor of the company for the months of February, March, April, and May, 1929.

If all sums paid plaintiff be imputed to the discharge of the principal and interest, the plea of payment which they have interposed should be sustained. On the other hand, if Sarah Durnford was a bona fide employee of the defendant, the amount which she claims to be due would be owing her. In support of the plaintiff's case, minutes of the meeting of the board of directors have been introduced, and they show her employment as auditor without qualification at the rate of $20 a week (later reduced to $12), and the salary was paid to her from time to time over a considerable period. The explanation given by the defendant of the adoption of this resolution is not, perhaps, free from justifiable criticism. It appears that when Sarah Durnford advanced the $1,000, the company was in need of financial assistance to enable it to comply with the provisions of the act of 1908, their attention having been called to their situation by the insurance commissioner in the secretary of state's office, the official charged with supervision over industrial insurance companies. A meeting was held and an offer made on behalf of some one to supply the needed capital, but subject to the payment of a bonus which the officials of the company deemed too high, whereupon it was determined that an effort should be made to raise the money among the officers of the corporation, and Sarah Durnford, being one of the officers, advanced $1,000 for that purpose, with the understanding that though the sum advanced would appear on the company's books as a contingent loan, it should actually be repaid in the form of a weekly salary. A similar procedure was said to have been adopted with reference to the small and later loan of $297.50.

Plaintiff's counsel insist that the introduction of evidence concerning the agreement

with plaintiff with reference to the method of repayment is not permissible, because it involves the assertion of moral turpitude on defendant's part. This objection was overruled by the court, a qua, upon the grounds that the defense urged in this case did not involve the allegation of fraudulent conduct, but was in effect a plea of want of consideration, and upon the further ground that the resolution, as it appears on the books of the company, did not reflect the agreement with respect to the loan.

We believe the ruling was correct. The purpose of the defendant was to circumvent the law of this state with reference to the repayment of plaintiff's loan, not the purest motive in the world, but we doubt whether it amounted to fraud. At any rate, we are convinced that plaintiff was a party to it, whatever it was, and should not profit by it. She is a school teacher and not an auditor. She did no work for her alleged salary except look over certain figures and papers submitted to her, most probably, as chairman of the finance committee. No reports or audits of the company's books prepared by her, if there are any, were introduced in evidence. She wrote a letter to a man by the name of Nelson under date of May 12, 1929, in which she said:

"You know Douglas and Augustine (officers of the defendant company) called in the State, as they thought the money the company was paying me back was illegal, and they were going to show us up," etc.

When asked on the stand what money she referred to in the letter, she admitted that it was the "salary" money.

The judgment appealed from is correct; and, for the reasons herein assigned, it is affirmed.

Affirmed.